Each side has ten minutes, good morning. Good morning, your honors. J. William Bennett for William Delay. Underlying the circumstances in this case is one clear fact that I think is important in the consideration by the court, and that is that at all stages of this case, at all stages of this case, the United States has been present as the attorneys on behalf of the defendants. In every forum that has dealt with the case, the United States attorney has appeared, and the United States attorney is appearing in this case before this court. The district court affirmatively determined that all elements necessary to allow modification of the judgment under Federal Civil Procedures Rule 60b-6 were present, except for concluding that the destruction of the value in Mr. Delay's claim for relief did not rise to the level of a taking. Commenting favorably on the U.S. v. State of Washington, the Samish Tribes case, Judge Hagerty said that the court finds that the defendants caused excessive delays, and implicitly within the judge's decision, although he did not specifically cite that or state it in that many words, the judge allowed that he could proceed with a Rule 60b-6 consideration if he found that there was a constitutional taking. I would like to ask you a question about that. Yes. Is it feasible under the law to use Rule 60b to amend a judgment, not merely to add a party like in the Indian case where they were approved, but to change the whole theory of the claim? Whereas the claim that went to judgment was a breach of contract claim, the theory under the amendment is a takings claim, a whole different claim against a different party. Do you have any precedent where Rule 60b has been used for that? No. I have looked long and hard, and I have found no precedents for that specifically. Do you have any statement in a learned treatise that says Rule 60b could be used to substitute a new claim against a new party? I do not have it. I have not found anything in that sense, Your Honor. I believe that under the Rule 60b-6 process that it would be possible for the court to remand. This is one of the areas that I, frankly, have wrestled with, trying to come up with some kind of a satisfactory response for my own sense of what is necessary here. The remand to modify would require modification that recognized the commission as a federal agency. That may present a due process problem to directly apply across. I think, alternatively, the court can determine that there is a 60b-6 basis for modification and remand that so that the district court could allow consideration under Rule 15 of the federal rules for an amended pleadings, and by that amended pleadings, the assertion that, for constitutional purposes, the commission was, in fact, a federal agency. What's troubling me, and then I want to let you argue to the whole panel, but it's that although I recognize the unusual circumstances and equities here in what happened and that no remedy was given for a claim that was, there was no payment on a claim determined to be valid by the party against whom the judgment was given, but I've just never seen or heard of the use of a Rule 60, modify the judgment, not just to say that the party that was sued was a federal agency, but to add a whole new claim that didn't go to judgment, a takings claim. It seems so unusual. I'm open to hearing any authority or reason that would... I acknowledge, Your Honor, it is unusual. I think that the All-America v. Llewellyn case that was cited in our brief and then following that Lindauer v. Rogers, which is 91 Federal 3rd, 1355, 9th Circuit, 1996, both indicates that an amendment under Rule 15 would not be able to be considered by the district court because there would be a final judgment until after the case were reopened under a Rule 60b-6, allowing a modification or allowing a reopening of that. I think that under the... and the process that I see that would work is that under the original court jurisdiction of 28 U.S. Code 1332, a diversity jurisdiction, then the court has a supplemental jurisdiction provided for it by 28 U.S. Code 1367. The supplemental jurisdiction comes for the same operative facts in the same case or controversy. The district court has jurisdiction to hear other issues that are present within that, and under Section 1331 of the 28 U.S. Code, the court does have power to determine constitutional issues. Now, this may present a problem where the Tucker Act comes into effect and would say that jurisdiction, however, above $10,000 resides in the U.S. Court of Federal Claims, and that's 28 U.S. Code 1346. But in that circumstance, then the district court could, in allowing the amendment, find that the supplemental issue is a predominant issue now before the court and that the court can decline jurisdiction under the provisions of 28 U.S. Code 1367 sub c and under that exercise its authority to transfer the case. This would preserve Mr. DeLay's cause or his claim for relief and allow the U.S. Claims Court to deal with that. What is the property interest that was taken? The property that was taken was the claim for relief. If you have any case that says a claim for relief, we hope someday maybe some judge is going to agree with you that that is property. Well, the Ninth Circuit in Key Division, which is cited in our brief, does say that a claim for or a cause of action is the term they use, but I'm using claim for relief in my briefing. There was a judgment in that case. There was a judgment, but in the process of talking about that judgment and citing to the Tom Browning case, the court did say that a cause of action is a form of property. That was dicta, right? Pardon? That was dicta. That was the cause of action. A cause of action is a form of property. In this circumstance, when President Reagan essentially eliminated the commission without there being some provision made for the cause of action that was then pending before the U.S. District Court of Oregon, the government essentially wiped out any value that was remaining in that particular cause of action. Is that when the taking occurred, in 1981? Yes, that was. How could you bring a takings claim? The actual date, I think that was a September. September 8, 1981. September 8, 1981. How could you bring a takings claim 20 years later? Yes. How? Pardon? Is there a statute of limitations? No. The ability to determine, and that's found in the ability to determine whether or not there is a statute of limitations is when the cause arises. And under the Brentwood case, that didn't occur until February of 2001. We're still inside the statute of limitations on that. And I see that I am out of time, Your Honors, and I appreciate your opportunity to be heard. I have one question. I have one further question for you. It's not technically pertinent on the issues that have been raised in this appeal, but I was just curious, is there any further legislative action pending that might fund that judgment, or is that a dead letter project? In a word, no, Your Honor. The congressman that originally tried to provide a private bill was a Democrat in a Republican-controlled congressional committee, and this is not a political statement. It never saw the light of day and died ultimately. That was the result. And there was no opportunity for it. Mrs. DeLay has since died, and so the congressional necessity or urge for providing any relief in that regard is passed on. Thank you very much, Mr. Bennett. Thank you. Good morning. Good morning. May it please the Court, I'm Isaac Litsky with the Justice Department. Here on behalf of the United States, I may just briefly make a few points. The first is the United States is unaware of any precedent in this circuit or anywhere for the proposition that Rule 60b-6 can be used to extend liability to a third party under a new theory of liability. The second point is we don't even need to get that far. It's certainly not the case, Your Honor, that the district court here have used its discretion in declining to so employ Rule 60b-6. Third and final point, the Lebanon-Bentley cases cited, Your Honor, with all due respect, are frankly a red herring. The takings theory that is now brought before the Court follows the path that when President Reagan terminated the commission in 1981, that was a taking of some property. Of course, we, as we set forth in our brief, disagreed with that theory on multiple grounds. But more importantly, that was a claim that could have been pursued against the United States in 1981. Again, in 1983, when the Court of Federal Claims sent the case back to the district court. In 1984, when the Federal Circuit affirmed that. Certainly by 1992, when the Office of Management and Budget made very clear that the suspense account no longer existed, that claim could have been pursued. And certainly, again, it cannot be the case that the district court abuses its discretion in declining to shoehorn that theory into this case at this point, some 28 years after Mr. DeLay was terminated. Unless the panel has any questions. I have a question. Mr. Litsky, I think you probably get the prize for having come the farthest today for the argument. And I brought my wife. Yeah, well, thank you for that. I do have a question. Obviously, it's not related to the conduct of the current lawyers in the Department of Justice or any U.S. attorney's office. But what is going on here? How can it be that the U.S. attorney would first object in the district court on grounds there wasn't jurisdiction in the initial lawsuit and say the case had to be transferred to the court of claims, and then in the court of claims take the position that there was no jurisdiction in that court and it had to go back to the district court? How could that occur? Because whether there's a remedy for appellant here or not raises some thorny legal issues, and we'll have to address those. If there isn't a remedy still, it makes me not feel good about the government's conduct back in the 1980s. Sure, Your Honor. Well, it's certainly regrettable that that occurred, and this might be a less than satisfying sort of bureaucratic response. The U.S. attorney's office made the assessment that the case belonged in the court of federal claims. When the district court, it should be stressed the district court, agreed at that time in 1981, the case was terminated, and then main justice looked at the case, and from that perspective rightly concluded that the U.S. attorney's office had frankly made a mistake. It should be stressed that the plaintiff at that point also sort of switched sides and endeavored to litigate the jurisdictional issue, arguing that the case should stay in the court of federal claims. So that was then litigated for two years before the court of federal claims made the decision. It's also important to stress that before the court of federal claims and, again, before the federal circuit, this is back in 1981 to 1984. There the notion of the sort of regrettable nature of the flip-flop, for lack of a better word, on the jurisdictional issue was discussed at great length. In the context of the jurisdictional analysis, the court of federal claims affirmed by the federal circuit stressed that theories of equitable estoppel have no place in a jurisdictional analysis. As of 1984, the jurisdictional question has been settled. So whatever may have been and whatever might have been, we're now about 22 years later in the game. Let me ask a question along the lines of what Judge Gould was asking. I was wondering as I was studying the case whether there was any possibility of settling it as a matter of equity in some fashion. Has there been any talk along those lines? Would it be useful if we held off deciding the case for a bit to allow the parties to explore that? Well, Your Honor, between 1985 and 1990, there were extensive discussions. At that time, there was approximately $30,000 in the suspense account, right? There were efforts made by the Department of Interior through the Office of Management and Budget to settle the case for that amount. Since then, as of 1992 at the latest, really well before then, those funds are now gone. There really is no authority in terms of the judgment account. It's hard to find where one would go in the government to try to find funds to be allocated for the settlement. We did go some way down the Ninth Circuit mediation program, and that was ultimately not fruitful. Thanks, Mr. Lutsky. Thank you. Mr. Bennett, do you want to take a minute in rebuttal? Since you allowed me a moment to respond, I'm going to only point out that there is some authority in Wright, Miller, and Kane, Federal Practice and Procedure, Civil III, at Section 2864, pages 374, 375, which cites to Politis v. The United States, 81, Supreme Court, 202-206, 1960, where the court said we need not go so far here as to decide when an appeal has been abandoned or not taken because of a clearly inapplicable adverse rule of law. Relief under Rule 60b-6 is inflexibly to be withheld when there has later been a clear and authoritative change in governing law. That is supporting a change in relevant case law, as would the Brentwood, allowing the determination that the commission can be described as a federal agency, which, in fact, the district court judge so found. Now, I've got to say that the Tenth Circuit has concurred with this in Adams v. Miller, 88, Fed 2nd, 696, 1989. The Sixth Circuit says, no, it doesn't fit. And that's the Blue Diamond Coal, 249, Fed 3rd, 519, Sixth Circuit, 2001. And the Fifth Circuit has also said, no, the change in law does not allow. And that's Bats v. Tow Motor, 66, Fed 3rd, 743, Fifth Circuit, 1995. I found nothing in the Ninth Circuit that has covered or that has considered that issue. Thank you, Your Honor. Thank you, Mr. Bennett. And you too, Mr. Lidsky. Thank you. The case just argued is submitted. What's next? What's the next section? Thank you.
judges: Silverman , Gould, Rhoades